UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:18-CV-22411-Altonaga

ATLANTIC SPECIALTY INSURANCE COMPANY,

    Plaintiff/Cross Defendant,

v.

MYI INTERNATIONAL, LLC, d/b/a
FLORIDA YACHTS INTERNATIONAL,

    Defendant/Cross Plaintiff/Third Party Plaintiff,

v.

WORLDWIDE INSURANCE GROUP, INC.,

    Third Party Defendant.
_____/

**DEFENDANT MYI INTERNATIONAL, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES, COUNTERCLAIM AND**
**THIRD-PARTY COMPLAINT**

**COMES NOW**, the Defendant, MYI INTERNATIONAL, LLC, d/b/a FLORIDA YACHTS INTERNATIONAL (hereinafter referred to as MYI), by and through the undersigned attorney, hereby files this Answer and Affirmative Defenses, Counterclaim and Third Party Complaint against WORLDWIDE INSURANCE GROUP, INC., and in support states as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

4. Defendant is unable to admit or deny this allegation, and therefore it is denied Defendant demands strict proof thereof.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendant denies this allegation as phrased.

9. Admitted.

10. Admitted.

11. Admitted. The Policy speaks for itself.

12. Denied. Defendant demands strict proof thereof.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied. Defendant demands strict proof thereof.

17. Defendant is unable to admit or deny this allegation, and therefore it is denied Defendant demands strict proof thereof.

18. Defendant is unable to admit or deny this allegation, and therefore it is denied Defendant demands strict proof thereof.

19. Denied. Defendant demands strict proof thereof.

20. Admitted.

21. Denied. Defendant demands strict proof thereof.

22. Denied. Defendant demands strict proof thereof.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied. Defendant demands strict proof thereof.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied as phrased. Defendant demands strict proof thereof.

34. Admitted.

35. Admitted.

36. Denied. Defendant demands strict proof thereof.

37. Denied. Defendant demands strict proof thereof.

38. Denied as phrased. Defendant did not impede Plaintiff's ability to take the EUO of Captain Merlo.

39. Admitted as to the testimony of Captain Merlo.

40. Admitted only as to the testimony of Captain Merlo. The allegation is further denied and Defendant demands strict proof thereof.

41. Admitted as to the testimony of Captain Merlo only.

42. Admitted. The policy speaks for itself.

43. Defendant is unable to admit or deny this allegation, and therefore it is denied Defendant demands strict proof thereof.

44. Denied. Defendant demands strict proof thereof.

45. Denied. Defendant demands strict proof thereof.

46. Admitted. The policy speaks for itself.

47. Denied. Defendant demands strict proof thereof.

48. Denied. Defendant demands strict proof thereof.

49. Denied. Defendant demands strict proof thereof.

50. Defendant is unable to admit or deny this allegation, and therefore it is denied Defendant demands strict proof thereof.

## COUNT I – DECLARATORY RELIEF

51. This paragraph does not assert any allegations.

52. Denied. Plaintiff demands strict proof thereof.

53. Denied. Defendant demands strict proof thereof.

54. Denied. Defendant demands strict proof thereof.

55. Denied. Defendant demands strict proof thereof.

56. Denied. Defendant demands strict proof thereof.

57. Denied. Defendant demands strict proof thereof.

58. Denied. Defendant demands strict proof thereof.

59. Denied. Defendant demands strict proof thereof.

60. Any allegations not specifically admitted are herein denied and demand strict proof.

## AFFIRMATIVE DEFENSES

Defendant MYI INTERNATIONAL, LLC further responds to Plaintiff's Complaint by setting forth the following affirmative defenses.

1. For its first affirmative defense Defendant states that Plaintiff's Complaint fails to state a cause of action upon which relief can be

4

        granted in that Plaintiff has failed to properly allege facts to support a claim for declaratory relief.

2. As for its second affirmative defense, Defendant states that the complaint fails to state a claim upon which this Court can grant relief to the Plaintiff against Defendant in that it fails to allege any actions taken by Defendant that would constitute a material breach of the agreement.

3. As for its third affirmative defense, Defendant states that the Plaintiff, through its actions has waived any and all rights to assert any action against Defendant.

4. As its fourth affirmative defense, Defendant states that the Plaintiff has waived its rights to pursue the purported action asserted in the complaint by virtue of Plaintiff's own breach.

5. For a fifth affirmative defense, Defendant states that is barred, in whole or in part, from recovery to the extent that it or its agents or real parties in interest have made statements or taken actions that estop them from asserting the claims.

6. For a sixth affirmative defense, Defendant states that Plaintiff has failed to name, serve, and join all indispensable parties to this action.

7. For a seventh affirmative defense, Defendant states that the Plaintiff has waived and by its conduct is estopped from denying coverage and maintaining this action.

8. For an eighth affirmative defense, Defendant states that Plaintiff, by and

      through its authorized agents and representatives, is guilty of unclean hands and therefore, the equitable relief claim must fail.

9. For a ninth affirmative defense, Defendant states that to the extent Plaintiff has failed to satisfy the statutory prerequisites to pursuing any of their claims, those claims are barred.

10. For an eleventh affirmative defense, Defendant states that Plaintiff has waived any deficiencies in the application process due to its own negligence or that of its authorized agents and representatives.

11. For a twelfth affirmative defense, Defendant states the Plaintiff has waived all claims by accepting payment for the premium to insure the subject vessel.

12. For a thirteenth affirmative defense, Defendant states that Plaintiff has been unjustly enriched by retaining payment of the charged premium to insure the subject vessel and not honoring its obligation under the subject policy to pay for the covered loss.

13. For a fourteenth affirmative defense, Defendant states that the language contained in the policy under Exclusions to Coverage is ambiguous and should be construed against the Plaintiff.

WHEREFORE, Defendant hereby prays the Court to find that they should be afforded the insurance coverage provided under the subject Policy, for attorney's fees and costs for defending against this action, and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM
## BREACH OF CONTRACT

**COME NOW,** the Defendant, MYI INTERNATIONAL, LLC by and through undersigned counsel and sues Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY, and alleges that:

1. This is an action for damages in excess of the jurisdiction of this Court.

2. At all times material hereto, Defendant/Cross Plaintiff MYI is a Florida corporation based in Miami-Dade County, Florida.

3. That at all times material hereto, the Cross Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY, was doing business in the State of Florida and is an insurance company that is authorized to conduct business in the State of Florida and is registered with the Insurance Commissioner of the State of Florida.

4. All conditions precedent to the institution of this action have been complied with or have been waived by the Cross Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY.

## GENERAL ALLEGATIONS

5. The Cross Plaintiff herein, MYI INTERNATIONAL, LLC, at all times material hereto were insured by ATLANTIC SPECIALTY INSURANCE COMPANY, under insurance policy number B5JH26603.

6. The coverage afforded to the Cross Plaintiff herein provided for damages sustained to a Vessel owned and/or maintained and controlled by Cross Plaintiff for perils

7

resulting from the boat being navigated for the purpose of demonstration, delivery, testing or transport.

7. On or about February 15, 2017, the vessel known as M/Y Blue Ocean was involved in an allision while being operated for demonstration purposes, which resulted in damages to another vessel known as the M/Y Nirvana.

8. Cross Plaintiff MYI, timely and properly notified Cross Defendant ASI of the loss.

## COUNT I
## BREACH OF CONTRACT

Cross Plaintiff realleges and incorporates by reference paragraphs one through eight and further states that:

9. On or about February 15, 2017, the vessel known as M/Y Blue Ocean was involved in an allision while being operated for demonstration purposes, which resulted in damages to another vessel known as the M/Y Nirvana and Cross Plaintiff contends is a covered peril.

10. At all times material hereto, Cross Plaintiff was covered under an insurance contract with the Cross Defendant wherein Cross Plaintiff made full payments as delineated by the policy of insurance.

11. The insurance policy provides for physical damage coverage caused by a covered loss. The policy at issue covers damage from an external cause unless stated otherwise or an exclusion applies. (A copy of the policy is attached to Plaintiff ASI's Complaint)

12. The Cross Defendant has refused to pay for the damages caused to the Nirvana and seeks declaratory relief as to coverage for the subject loss.

13. The Cross Plaintiff furnished the Cross Defendant with timely notice of the claimed loss and all other applicable documentation for the Cross Defendant to properly review and cooperated as provided for under the policy.

14. The Cross Plaintiff has performed all conditions precedent to recover under the policy and under the law.

15. Cross Defendant has breached the contract by refusing to pay for the covered loss and seeking a declaration of no coverage.

16. As a direct and proximate result of the Cross Defendant's refusal to pay the claim brought by the Nirvana, the Cross Plaintiff has been required to retain the services of the undersigned counsel.

17. As a result of the undersigned's representation, the Cross Plaintiff is entitled to attorney's fees as per the policy and Fla. Stat. §627.428.

**WHEREFORE,** the Cross Plaintiff, MYI INTERNATIONAL, LLC demands judgment against the Defendant, ATLANTIC SPECIALTY INSURANCE, for compensatory damages in excess of this Court's jurisdiction, prejudgment interest, costs allowed by law, reasonable attorney's fees, and for such other and further relief as this Court deems just and proper.

## THIRD PARTY COMPLAINT FOR DAMAGES

Third Party Plaintiff, MYI INTERNATIONAL, LLC (hereinafter "MYI"), by and through the undersigned counsel, sues Third Party Defendant WORLDWIDE INSURANCE GROUP, INC. (hereinafter referred to as WWIG), and alleges as follows:

## JURISDICTION AND VENUE

1. The damages suffered by Third Party PLAINTIFF are in excess of the jurisdictional limits of this Court.

9

## THE PARTIES

2. At all times material to this cause of action, Third Party Plaintiff, MYI is a Florida corporation based in Miami-Dade County, Florida.

3. Third Party Defendant, WWIG is a Florida corporation authorized to conduct business in the State of Florida, and doing business in Miami-Dade County, Florida.

4. WWIG at all times relevant acted by and through their employees, agents, apparent agents, servants, officers, or representatives, who were acting within the course and scope of their employment, agency, apparent agency, servitude, office or representative capacity, or under WWIG's control, or right of control and in furtherance of their interests; thereby making WWIG vicariously liable for the acts or omissions of their employees, agents, apparent agents, servants, officers and representatives.

5. All conditions precedent to the filing of this action have occurred, been satisfied, or have otherwise been waved or excused.

## FACTS COMMON TO ALL COUNTS

6. MYI and WWIG have a long standing relationship wherein WWIG, an insurance agency specializing in maritime insurance coverage, was in the business of acquiring insurance on behalf of MYI and its vessels.

7. WWIG was well aware that MYI's business included the buying and selling of boats and motor yachts as well as charter, maintenance and servicing.

8. At all times material hereto WWIG procured insurance coverage for MYI through Atlantic Specialty Insurance.

9. MYI would communicate to WWIG the vessels that it owned and/or maintained or controlled through the brokerage.

10. On or about February 15, 2017, the M/Y Blue Ocean was involved in an allusion resulting in damages sustained to a third party vessel, M/Y Nirvana.

11. The loss was promptly reported and the insured complied with all other requirements under the insurance policy.

12. At all times material hereto, MYI contended that the damages were the result of a covered peril.

13. However, MYI discovered that the policy issued by WWIG was a "dealer Policy" and failed to provide coverage for charter or other liabilities caused by circumstances not involving demonstration, delivery, testing or transport.

14. Further, WWIG never inquired nor advised that the documented owner of the vessel had to be named as the insured under the policy.

15. WWIG never explained nor provided MYI with the exclusions contained within the policy, nor did it procure adequate coverage for MYI's protection.

16. ASI has commenced an action for declaratory relief as to coverage for the claimed loss under the subject policy.

17. Further, the carrier for the M/Y Nirvana commenced litigation against MYI for subrogation for the payment of the claimed damages by the M/Y Nirvana currently pending litigation in National Union Fire Insurance Company of Pittsburg v. M/Y BLUE OCEAN, in rem, and MYI International, LLC, Case NO.: 18-cv-22277-UU.

18. ASI is defending that action under a reservation of rights based on its contention there is no coverage for the subject loss.

19. MYI performed all conditions precedent to recover under the policy, but ASI refuses to pay for the claimed damages.

## COUNT I
## NEGLIGENCE

MYI realleges and incorporates by reference paragraphs one through nineteen and further states that:

20. WWIG owed a duty of care to MYI in making sure that insurance coverage was appropriate for MYI.

21. WWIG had a duty to procure the appropriate coverage for MYI based on its long standing relationship with MYI and thorough and well informed knowledge of the business and needs of MYI.

22. Further, WWIG failed to explain the coverage and exclusions to MYI as well as offer alternative coverage that would have been more appropriate for MYI.

23. WWIG breached their duty of care to MYI.

24. WWIG further breached their duty of care to MYI in that they failed to properly document the owner of the subject boat under the policy.

25. As a direct and proximate cause of WWIG's negligence, MYI has been damaged.

WHEREFORE, MYI demands judgment against WORLD WIDE INSURANCE GROUP, INC. for compensatory damages, interests as allowed by law, costs, and such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

MYI realleges and incorporates by reference paragraphs one through nineteen and further states that:

26. WWIG had an express and/or implied fiduciary relationship with MYI.

27. WWIG undertook to provide for the insurance needs of MYI.

28. MYI relied on WWIG to handle his insurance needs for its business and its vessels.

29. MYI notified ASI of the damage claimed by third party vessel M/Y Nirvana as a result of an allusion that involved an MYI vessel, M/Y Blue Ocean and was advised for the first time of the limited coverages and exclusions that applied under the policy.

30. WWIG breached its fiduciary duty to MYI in that they failed to secure appropriate insurance coverage for the business and the vessels it owned, maintained, serviced and chartered and failed to provide MYI with alternate forms of insurance in light of the limited coverage exclusions under the "dealer's policy."

31. As a direct and proximate cause of WWIG's breach of fiduciary duty, MYI has been damaged.

WHEREFORE, MYI demands judgment against WWIG for compensatory damages, Attorneys' fees, interests as allowed by law, costs, and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Third Party PLAINTIFF MYI demands a trial by jury on all issues so triable as of right.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was e-filed this 3rd day of August, 2018 through CM/ECF to: James N. Hurley, Esq., Fowler, White Burnett, P.A. 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131  jhurley@fowler-white.com

> KAREN B. PARKER, P.A.
> Attorneys for MYI
> 2550 S. Bayshore Drive, Suite 102
> Coconut Grove, Florida 33133
> Telephone: (305) 400-9149
> Cell: (305) 343-8339
> By: *Karen B. Parker*
> KAREN B. PARKER, ESQUIRE
> Florida Bar No.: 54482
> kparker@kbparkerlaw.com
> kbparkerlaw@gmail.com